MARY WIEDMER, Appellant, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY, Respondent.

*Negligence — what facts impose upon a railroad company, emitting hot cinders from its engine, the duty of showing the absence of negligence on its part.*

Upon the trial of this action, brought to recover damages for personal injuries sustained by the plaintiff, it appeared that while walking on Third avenue, in the city of New York, the plaintiff was injured by a hot cinder, which fell from one of the defendant's engines into her eye, causing a serious injury to it. She gave no other evidence to establish the negligence of the defendant. A motion for a nonsuit having been denied, the case was submitted to the jury upon the plaintiff's testimony. The jury found for the plaintiff, but the verdict was set aside by the justice who presided at the trial, upon the ground that the plaintiff had failed to prove that the accident was caused by the negligence of the defendant or its servants.

*Held*, that the justice erred in so doing.

That as the plaintiff in using the street was exercising a right entirely independent of, and in no way connected with, the defendant's use of it, she was entitled to be protected in the exercise of such right, and that after she had proved the injury, under the circumstances disclosed, the negligence of the defendant was established *prima facie*, and the *onus* was thrown upon the defendant to show absence of negligence, if that could be done.

*Searles* v. *The Manhattan Railway Company* (5 East. Rep., 66) distinguished.

Appeal from an order granting a motion for a new trial, made upon the minutes of the justice before whom the action was tried, after a verdict had been rendered in favor of the plaintiff.

*David Levy*, for the appellant.

*Edward S. Rapallo*, for the respondent.

Brady, P. J.:

This action was brought to recover damages for personal injuries. The plaintiff, while walking on Third avenue, in this city, was

injured by a hot cinder, which fell from one of the defendant's engines into her eye, causing a serious injury to it.

She gave no other evidence to establish the negligence of the defendant. There was, in other words, no direct proof that the damage to her eye was caused in consequence of any negligence or unskillfulness chargeable to the defendant, and a motion was made for a nonsuit, which was denied. The case was submitted to the jury upon the testimony given on behalf of the plaintiff.

Several requests were presented by the defendant's counsel, which were accepted by the learned judge and charged. He was requested, however, to charge that the facts of the escape of a cinder and the consequent injury to the plaintiff were not, of themselves alone, any evidence of negligence on the part of the defendant, which he declined to charge, and to which an exception was taken.

The jury found for the plaintiff, but the learned judge who presided at the trial, upon an examination of all the authorities, felt himself bound to grant a new trial, for the reason that in this, as in all kindred cases, he said, it was elementary law that the burden of proof was upon the plaintiff to establish the fact that the accident was caused by the negligence of the defendant or its servants, citing the cases to establish that proposition, and to which must be added the recent case of *Searles* v. *The Manhattan Railway Company* (5 North East. Rep., 66), in which the question was considered. There is, in that case the court said, sufficient evidence to show that the plaintiff's eye was injured by a cinder lodged therein; that it came from a locomotive on the defendant's railway, and that the plaintiff was free from contributory negligence — all of which was established in this case as well. But the court said the defendant had a right to operate its railway over the street by steam, and to generate steam by the use of coal, and any damage caused by the careful and skillful exercise of its lawful rights could impose no obligation upon it.

It appeared, however, in that case, as stated, from indisputable evidence, that the appliances used upon the defendant's locomotives to prevent the escape of sparks and cinders were skillfully made and the best known, and that there was no evidence that any of the appliances were defective or out of order, but, on the contrary, that they were in order. It does not appear from the report of the

case, however, whether the plaintiff attempted, in the first instance, to establish the fact that there was a careless or unskillful exercise of the right of the defendant to operate its railway by steam ; and, therefore, the case is not controlling here. If it appeared that, on proof of the injury, the plaintiff had been required to prove a failure by the company to adopt measures to prevent such an occurrence, it would be otherwise. It would seem to be an extraordinary proposition that a person using, as a matter of right, the highway and receiving such an injury as the plaintiff did, should be obliged to show, in the first instance, that it resulted not only from the defendant's act, but, in addition thereto, that the defendants had not adopted the best means of preventing such an occurrence. This would necessarily involve an examination of the defendant's engine and an examination, scientific in its character, as to whether, by any known contrivance, it could have been avoided. It would seem more in accord with the principles of natural justice to exact such evidence in response from the company. If the injured person were using the defendant's road, the doctrine declared would have been in accord with established rules. Here, however, the plaintiff was in the exercise of a right entirely independent of, and in no way connected with, the defendant and entitled to protection in the exercise of such right. When the plaintiff proved the injury under the circumstances disclosed, the negligence of the defendant was established *prima facie,* and the *onus* was thrown upon the defendant to show absence of negligence, if it could be done. The injured person cannot be expected to attempt the useless feat of pursuing the train in order to secure an examination of its locomotive with a view of discovering what mode was adopted to prevent injuries such as described.

The order appealed from should be reversed and the judgment affirmed.

Daniels and Macomber, JJ., concurred.

Order reversed and judgment affirmed.